IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION AND ANNUITY FUND, THE LABORERS' DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND, THE LABORERS' DISTRICT COUNCIL PREPAID LEGAL SERVICES FUND, THE LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING / APPRENTICESHIP FUND, THE LABORERS' DISTRICT COUNCIL LABORERS'-EMPLOYERS COOPERATION AND EDUCATION TRUST FUND, THE LABORERS' PHILADELPHIA AREA LOCAL HEALTH AND SAFETY FUND, LABORERS' DISTRICT COUNCIL INDUSTRY ADVANCEMENT PROGRAM, LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA AND VICINITY, DELAWARE VALLEY INSULATION AND ABATEMENT CONTRACTORS ASSOCIATION, INC. P.O. Box 37003 Philadelphia, PA 19123<br>            Plaintiffs,<br><br>         v.<br><br>GRAHAM TECH ENVIRONMENTAL SERVICES LLC 958 Jackson Rd. Buena Vista Township, N.J. 08330<br><br>            Defendant. | CIVIL ACTION NO. |

## COMPLAINT

### THE PARTIES

1.	Plaintiff, Board of Trustees of the Laborers' District Council Construction Industry Pension Fund ("Pension Fund Trustees") manages and controls the Laborers' District Council Construction Pension Fund ("Pension Fund"). James Harper, Jr., Ryan N, Boyer, Samuel Staten, Jr., Esteban Vera, Jr., Sonia DiValerio, Joseph Martosella, Jr., Charles Seravalli, Jr.,  David E. Panichi, Benjamin J. Connors, and Amy Hennessey are the current members of the Pension Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.	Plaintiff Pension Fund is a trust fund established and maintained pursuant provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, <u>as amended</u>, ("the LMRA"), 29 U.S.C.§186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, <u>as amended</u> ("ERISA"), 29 U.S.C.§ 1002(3).

3.	Plaintiff Board of Trustees of the Laborers' District Council Building and Construction Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Laborers' District Council Health and Welfare Fund ("Health and Welfare Fund").  James Harper, Jr., Ryan N. Boyer, Samuel Staten, Jr., Mark Freeman, David Panichi, Benjamin Connors, and Amy Hennessey   are the current members of the Health and Welfare Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Health and Welfare Fund and

its participants and beneficiaries.

4. Plaintiff Health and Welfare Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§ 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

5. Plaintiff Board of Trustees of the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund").   Benjamin J. Connors, Joseph Martosella, Jr., James Harper, Jr., and Samuel Staten, Jr. are the current members of the Legal Services Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

6. Plaintiff Prepaid Legal Services Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

7. Plaintiff Board of Trustees of the Laborers' District Council Education and Training/Apprenticeship Fund ("Education Fund Trustees") manages and controls the Laborers' District Council Education and Training Fund ("Education Fund"). James Harper, Jr.  Samuel Staten, Jr., Ryan N. Boyer, Stanley Sanders, Anthony Moss, Sonia DiValerio, Joseph Martosella, Jr., Benjamin J. Connors and Amy Hennessey and are the current members of the Education Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.

1132(a)(1)(3). Said Board of

Trustees brings this action in its fiduciary capacity on behalf of the Education Fund and its participants and beneficiaries.

8. Plaintiff Education and Training Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

9. Plaintiff Board of Trustees of the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET Trustees") manages and controls the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET"). Samuel Staten, Jr., James Harper, Jr., Ryan Boyer, Esteban Vera, Jr., Jeremy Lichterman, Harry Moore, Benjamin Connors and David Hoplamazian are the current members of the LECET Board of Trustees and fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of LECET and its participants and beneficiaries.

10. Plaintiff LECET is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

11. Plaintiff Board of Trustees of the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund"). Samuel Staten, Jr., Ryan Boyer, Esteban Vera, Jr., James Harper, Jr., Harry Moore,

4

Amy Hennessey, Jeremy Lichterman, and David Hoplamazian are the current members of the Health and Safety Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3).

12.     Plaintiff Laborers' Philadelphia Area Local Health and Safety Fund is a trust fund established and maintained for the purpose of providing health and safety benefits through qualified health and safety benefit programs.

13.     Each of the aforesaid Funds is a "multi-employer plan" under ERISA, 29 U.S.C. § 1002(37).  These Funds maintain their principal place of business in Philadelphia, PA., with the exception of the Laborers' District Council Education and Training Fund, which maintains its principal place of business at 501 Lancaster Avenue, Exton, PA 19341.

14.     Plaintiff, Delaware Valley Insulation and Abatement Contractors Association is an association of construction industry contractors and service providers. The DVIACA sponsors and manages the Industry Advancement Program ("IAP"), which is funded by contributions required under the collective bargaining agreement between the DVIACA and the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity.

15.     Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("The Union" or "Laborers District Council") as an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

16.     Defendant, GRAHAM TECH ENVIRONMENTAL SERVICES, LLC a New

Jersey limited liability corporation ("Defendant Employer") is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). and ERISA, 29 U.S.C. § 1002(5). Defendant Employer's last known address is 958 Jackson Rd, Buena Vista Township, NJ 08330.

## JURISDICTION AND VENUE

17.  This Court has jurisdiction over the causes of action the Plaintiffs have against Defendant Employer pursuant to ERISA, 29 U.S.C. § 1132(a)(3), (d)(1) and 1145, and pursuant to Section 301(a) of the Labor Management Relations Act of 1947, <u>as amended</u>, 29 U.S.C. § 185(a), and supplemental jurisdiction over the related contractual state law claims of the DVIACA.

18.  Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 185(a); 29 U.S.C. § 1132(e)(2); and 28 U.S.C.§ 1391. The above-identified Funds are administered by the above Boards of Trustees in this district, Defendant company resides in this district; and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## COMMON FACTS

19.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 18.

20.  The aforementioned Funds are created and administered pursuant to the terms of Trust Agreements that are properly executed pursuant to state and local

law.

21. Defendant Employer has been signatory to, or otherwise bound by, a collective bargaining agreement between the Delaware Valley Insulation and Abatement Contractors Association, Inc and the Laborers' District Council since January 27, 2016. The CBA sets forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant Employer. More specifically, See Exhibit A, the collective bargaining agreement effective May 1, 2018 through April 30, 2021 and the Memorandum of Agreement for the collective bargaining agreement effective May 1, 2021 through April 30, 2023 and May 1, 2023 through April 30, 2026 (hereinafter referred to as the "Agreements").

22. The Agreement, pursuant to Article 17 (Asbestos Abatement Agreement), automatically renews from year to year after its termination unless either party give notice in writing to the other party ninety (90) days prior to any expiration date of intention to terminate the agreement or to request a change in the terms or conditions thereof. To date, neither party has given such notice of intention to terminate or to request a change in the terms or conditions thereof.

23. Defendant Employer also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust Agreements"), pertaining to Plaintiff Fund and incorporated into the relevant Agreement. Throughout this Complaint, references to the Agreements include and incorporate the related Trust Agreements.

24. Pursuant to said Agreements, Defendant Employer has an

obligation to submit accurate remittance reports with corresponding contributions and deductions to the Plaintiffs on the 25th day of the month following the month for which contributions are due or in accordance with the Delinquency policy which may be amended.

25. Pursuant to said Agreements and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Association and the Union or to be bound by the terms and conditions of employment independently with the Union covering all work performed within the trade and geographical (territorial) jurisdiction of the Union, Defendant Employer is required to remit the contributions and deductions for all hours of work performed by its employees under the Agreements in the preceding month to the Plaintiffs.

26. Despite demands to pay the contributions and deductions due to the Funds and/or to submit the required remittance reports, and notwithstanding its obligations as set forth above, the Funds assert that Defendant has under-reported and/or failed to pay the contributions and deductions due to the Funds during the period of January 1, 2022 to the present.

27. As a result of Defendant Employer violating its reporting and Contribution and deduction obligations under the Agreements, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

28. As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages and penalties remain unpaid and/or

continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions and deductions had been remitted by Defendant Employer in a timely fashion.

29. Defendant Employer's continued violation of the Agreements irreparably injure the Funds.

## COUNT ONE

## ERISA CLAIM

30. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1-29.

31. Defendant Employer has failed to make contributions and deductions to the Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

32. Defendant Employer owes the Plaintiffs covered by the Agreements, which continue until proper termination, the amount of the unpaid contributions and deductions, accrued interest, audit fees, as well as liquidated damages, and attorneys' fees and costs.

33. Plaintiff is required under law to credit all hours of Defendant employees performing work under the Agreements.

34. Defendant, GRAHAM TECH ENVIRONMENTAL SERVICES, LLC is responsible for the amounts Defendant Employer owes the Plaintiff ERISA Funds.

35. Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiffs to seek

equitable enforcement of the terms of the Agreements

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

 (a) that judgment be entered against Defendant Employer in favor of all Plaintiffs covered by the Agreements, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, attorneys' fees and costs, liquidated damages and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); an amount equal to the greater of (I) interest on the unpaid contributions or (ii) liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action;

 (b) order, pursuant to the collective bargaining agreement, that Defendant Employer must accurately and timely submit all remittance reports, contributions and deductions that are due to the Plaintiffs during the time period the current Agreement is in effect;

 (c) such other legal or equitable relief as the Court may deem appropriate.

<u>COUNT TWO</u>

10

## DEMAND FOR AUDIT

36. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1-35.

37. Defendant Employer has failed to make contributions and deductions to the Plaintiffs as required by the Agreements in a period not barred by any applicable statute of limitations or similar bar.

38. In addition, Defendant Employer has failed to submit accurate Remittance reports during the period of at least January 1, 2022, to the present.

39. Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send U.S.C § 185(a).

40. The Plaintiffs covered by the Agreements have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreements.

41. The Agreement authorizes the Trustees' auditors to audit the Employers bound by the Agreement.

42. Defendant Employer continues to submit accurate remittance reports and/or contributions required under the Agreement.

43. Unless an audit is performed, Plaintiffs will not have sufficient Information or knowledge to plead the precise nature, extent and amount of Defendants' ongoing delinquency.

**WHEREFORE**, Plaintiffs request that this Court grant the following

relief:

    (a)    To Order Defendant Employer, its officers, employees, Representatives and/or agents to permit any audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the absence of said records, to cooperate fully in alternative methods for the determination of work for which contributions are due;

    (b)    to grant such other legal or equitable relief as this Court may deem appropriate.

## COUNT THREE

### DVIACA, INC. THIRD PARTY BENEFICIARY CLAIM

44.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1-43.

45.    The DVIACA, INC (Delaware Valley Insulation and Abatement Contractors Association, Inc) is an intended third-party beneficiary to the Agreements.

46.    Defendant Employer was required under the terms and conditions of the Agreements to remit contributions to the DVIACA, Inc. Industry Advancement Programs (IAP).

47.    Defendant Employer's failure to make the required timely contributions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the Agreements is a breach of contract and the

DVIACA has been deprived of the benefit flowing therefrom to which they are entitled.

48. Defendant, GRAHAM TECH ENVIRONMENTAL SERVICES, LLC is responsible for the amounts Defendant Employer owes the DVIACA.

**WHEREFORE**, Plaintiffs DVIACA request that this Honorable Court grant the following relief:

(a) that judgment be entered against Defendant Employer, in favor of the DVIACA in the amount of unpaid IAP contributions, accrued interest, audit fees, costs, fines, attorneys' fees and costs, liquidated damages and penalties determined to be due and owing to the DVIACA before, during and as a consequence of this pending litigation, including but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreements;

(b) order, pursuant to the collective bargaining agreements, that Defendant Employer must accurately and timely submit all remittance reports, contributions and deductions that are due to the Plaintiffs during the time period the current Agreements are in effect;

(c) such other legal or equitable relief as this Court may deem appropriate.

Date: May 19, 2025    By: /s/ Joel P. Trigiani_____
Joel P. Trigiani, Esquire
Trigiani Law LLC
Attorney I.D. No. 32268
P.O. Box 126
Villanova, PA 19085
*Attorney for the Plaintiffs*

13

## CERTIFICATE OF SERVICE

I, Joel P. Trigiani, Esquire, do hereby certify that on this 19th day of May, 2025, I caused a true and correct copy of the foregoing Complaint to be served upon the following persons:

Willis Graham, President
GRAHAM TECH ENVIRONMENTAL SERVICES, LLC
958 Jackson Rd.
Buena Vista Township, N.J. 08330

Nancy A. Walker, Secretary
Pennsylvania Secretary of Labor and Industry
1700 Labor & Industry Building
Harrisburg, PA 17120

Secretary of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Date: May 19, 2025                    /s/ Joel P. Trigiani
                                       Joel P. Trigiani, Esquire
                                       *Attorney for Plaintiffs*